IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAFAEL PAHUA NEPOMUSENO, | ) | No. CR-F-02-5174 REC |
| | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR A DOWNWARD |
| Petitioner, | ) | DEPARTURE PURSUANT TO |
| | ) | U.S.S.G. 5K2 |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On April 15, 2005, Rafael Pahua Nepomuseno filed a motion for a downward departure pursuant to U.S.S.G. § 5K2.

Petitioner pleaded guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On May 6, 2003, petitioner was sentenced to 58 months in custody. No appeal was filed. On January 9, 2004, petitioner filed a motion for reduction of sentence pursuant to 28 U.S.C. § 2255, arguing that he was denied the effective assistance of counsel because of counsel's failure to argue the issue of his deportability

1

1   resulting in his ineligibility for various programs as a

2   mitigating factor justifying a downward departure at sentencing,

3   that the disparate sentences that result between alien and

4   American inmates is a denial of equal protection, and that his

5   guilty plea was not knowing and voluntary because of counsel's

6   alleged advice that petitioner would be deported immediately upon

7   pleading guilty.  The court denied petitioner's Section 2255

8   motion by Order filed on January 20, 2004.  No appeal was filed.

9        In the instant motion, petitioner moves the court to grant a

10  one year downward departure in his sentence pursuant to U.S.S.G.

11  § 5K2 because of petitioner's "extraordinary efforts in his Post

12  conviction Rehabilitation" and because of "his status as a

13  Deportable Alien".

14       The court hereby denies petitioner's motion.

15       Neither Rule 35, Federal Rules of Criminal Procedure, nor 18

16  U.S.C. § 3582 authorize a reduction in petitioner's sentence for

17  the grounds stated by petitioner.

18       The court cannot deem petitioner's motion to be a motion for

19  relief pursuant to Section 2255.  Such a motion would be a second

20  or successive Section 2255 motion and this court does not have

21  jurisdiction to consider such a motion in the absence of

22  authorization by the Ninth Circuit Court of Appeals.  28 U.S.C.

23  §§ 2244(b)(3) and 2255.

24       The court cannot deem petitioner's motion to be a motion for

25  relief pursuant to 28 U.S.C. § 2241 and allow petitioner to amend

26  to state a claim under Section 2241 against the appropriate

1   respondent.   Petitioner alleges that he has been denied equal

2   protection of the laws by the Bureau of Prisons because the BOP

3   refuses to give petitioner time credit for his successful

4   completion of the drug rehabilitation program because of his

5   status as a deportable alien.   However, the Ninth Circuit has

6   held that this refusal by the BOP does not deny equal protection.

7   See McLean v. Crabtree, 173 F.3d 1176, 1185-1186 (9th Cir. 1999),

8   cert. denied, 528 U.S. 1086 (2000).   Consequently, any amendment

9   by petitioner to state a claim for habeas relief under Section

10  2241 would be futile.

11        ACCORDINGLY, petitioner's motion for a downward departure

12  pursuant to U.S.S.G. § 5K2 is denied.

13        IT IS SO ORDERED.

14  **Dated:  April 25, 2005**                   **/s/ Robert E. Coyle**

15  668554                                   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

                                 3